DUFRESNE, Judge.
This is an appeal by Harry Friedman, Jr., defendant-appellant, from an adverse judgment in a suit brought by Muller Electric Corp., plaintiff-appellee, to enforce an alleged laborer’s and materialman’s lien on a building owned by Friedman. Because we find that the lien sought to be enforced was not perfected by timely recordation, the judgment of the trial court is hereby reversed.
All of the facts were stipulated by the parties at trial. The building in question was sold by Friedman by way of a credit sale on September 1,1981, to Village Place, Inc. That act was recorded in the mortgage office on September 11, 1981. On August 31, the day before the sale, Village contracted with Muller for certain electrical equipment and labor, and the work commenced on that same day. Friedman was not a party to this contract and it is stipulated by Muller that the work was not “ordered by, requested by, or performed for Harry Friedman, Jr.” The work was completed and accepted by Village on September 4, 1981.
When Village failed to pay for the work, Muller filed suit against Village Place, Inc. in January, 1982, and on January 15, 1982, filed notice of this suit (lis pendens) in the mortgage records. It further appears that Friedman was not being paid as per the credit sale, and he filed foreclosure proceedings against Village in February, 1982. This foreclosure was delayed by bankruptcy proceedings filed by Village, but on December 8, 1982, the property was sold by the sheriff, and bought in by Friedman. His final bid price was less than the amount owed him by Village under the credit sale.
On March 4, 1983, Muller filed the present action against Friedman for the cost of the labor and materials.
Because there was no contract between the parties to this suit, our inquiry is whether there exists some other legal or statutory basis for Muller’s claim against Friedman. Muller asserts that the Private Works Act, La.R.S. 9:4801 et seq. provides this basis, but we find nothing in those statutes to substantiate that assertion. His argument begins with the correct proposition that one contracting directly with the owner of an immovable may bring suit against that owner personally within ten years of the contract, whether or not a lien was filed within sixty days of completion of the work as provided in prior La.R.S. 9:4812 (amended by Acts 1981, No. 724, effective January 1, 1982, now La.R.S. 9:4822). He erroneously concludes from that premise, however, that this personal right of action runs against any subsequent “owner” of the property, in this case Friedman. To adopt this view would in practice seriously undermine the public records doctrine. There being no basis in law for this proposition, we must reject it.
Muller also argues that the lis pen-dens of January 15, 1982, was sufficient to put Friedman on notice of a potential lien on the property stemming from work performed between August 31 and September 4, 1981. While this may be true, it is irrelevant to the facts of this case. Had Muller filed its lien within sixty days of completion of the work, it would have been effective as of August 31st, the day work commenced, and thus primed Friedman’s privilege under the subsequently recorded credit sale. This he failed to do. Thus, even were the lis pendens treated as notice of a lien, as urged here, its effective date *99 would be the date of filing, rather than the day on which work commenced, because it was not filed within the sixty days required by the Private Works Act. When the property was sold at public auction, the selling price was less than the amount to which Friedman was entitled under his recorded credit sale, and there were thus no excess funds to pay whatever monies may have been owing Muller as a result of any judgment which may have been forthcoming from the suit noticed by the lis pendens.
The plain fact of this case is that Muller did not timely invoke the protections provided him by the Private Works Act by filing his lien, and he cannot now prevail against the present owner of the property who was an admitted stranger to the original contract.
For the foregoing reasons, the judgment of the trial court is reversed and judgment is rendered in favor of the defendant-appellant, dismissing the plaintiff-appellee’s claim in this matter. All costs are to be paid by the plaintiff-appellee.
REVERSED AND RENDERED.